UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff

  v.
                                    Case No. 21-cv-117-pp

APPROXIMATELY $27,932 IN
UNITED STATES CURRENCY,

        Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13) AND DISMISSING CASE**

On January 27, 2021, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. The plaintiff sought entry of default on May 17, 2021, dkt. no. 12, which the clerk entered the same day. The plaintiff also filed a motion for default judgment. Dkt. No. 13. The court will grant that motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff states that approximately $27,932 in United States currency was seized from Timarco Bridges at or near 2447 North 20th Street, Milwaukee, Wisconsin on or about August 24, 2020. Dkt. No. 1 at ¶2. The

plaintiff alleges that the money is subject to forfeiture by the United States under 21 U.S.C. §881(a)(6) "because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §841(a)(1)." Id. at ¶7.

Milwaukee Police officers discovered the approximately $27,932 in United States currency in the center console of a vehicle driven by Timarco Bridges during a search incident to Bridges' August 24, 2020 arrest. Id. at ¶¶22, 25. The DEA began administrative forfeiture proceedings against the defendant property prior to November 9, 2020 when Lakeya Hamilton filed a claim in the administrative forfeiture proceeding to the defendant property. Id. at ¶¶30-31.

On January 28, 2021, the government posted notice of the civil forfeiture action under Rule G(4)(a)(iv)(C); the notice remained posted for at least thirty consecutive days. Dkt. No. 13 at ¶3. On January 27, 2021, the government filed notices of the civil forfeiture action and served them, and the complaint, on Lakeya Hamilton, Nicole Bridges, Timarco Bridges and Diamante Freeman by certified mail. Dkt. No. 13 at ¶¶4-5. The certified mail receipts and the post office tracking reports show that the documents were delivered to, and accepted by, Timarco Bridges, Nicole Bridges and Diamante Freeman on January 29, 2021, and were delivered to and accepted by (or on behalf of) Nicole Bridges on January 30, 2021. Id. at ¶5. The government served Lakeya Hamilton twice; the documents were delivered to and accepted by or on behalf of Hamilton on March 10, 2021. Id. at ¶6.

Having received no claims within the required thirty-five days, on April 19, 2021 the government filed a letter notifying the court of that fact, and sent a copy of the letter by certified mail to Timarco Bridges and by both certified and first-class mail to Hamilton, Nicole Bridges and Diamante Freeman. Id. at ¶¶9-10. None of the mailings were returned to the U.S. Attorney's Office and the certified mail receipts show that the documents were delivered to their recipients. Id. at ¶10. As of May 17, 2021 the government had not received any verified claims or answers. Id. at ¶11.

The court concludes that the clerk properly entered default.

## II. Motion for Default Judgment (Dkt. No. 13)

After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are

3

unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint alleges that Milwaukee Police officers seized the approximately $27,932 in United States currency during a traffic stop on August 24, 2020. Dkt. No. 1. At about a quarter after 10:00 that night, officers were on patrol near North 21st Street and West Wright Street in Milwaukee. Id. at ¶11. They saw a Mercedes-Benz SUV, driven by Timarco Bridges, fail to make a full stop at a stop sign near North 21st and Wright. Id. at ¶12. The same car failed to make complete stops at two more stop signs. Id. at ¶¶13-14. The officers pulled conducted a traffic stop near 2447 North 20th Street and discovered two people in the car—Bridges and a passenger with the initials D.F. Id. at ¶¶15-16. There was a "strong odor of burnt marijuana emanating" from the SUV; Bridges told officers that he had been smoking marijuana "earlier." Id. at ¶¶17-18. The officers asked Bridges to get out of the SUV; he did, and they noticed a strong odor of burnt marijuana coming from Bridges himself. Id. at ¶¶19-20.

Inside Bridges' jeans pocket, officers found $1,279—forty-two $20 bills, twenty-nine $10 bills, twenty-nine $5 bills and four singles; this money is not included in the *in rem* defendant. Id. at ¶21. On top of the center console of the SUV, officers found a digital scale "with suspected cocaine residue." Id. at ¶22.

4

Inside the closed console, the officers found approximately $27,932 in several rubber-banded stacks—thirty-four $100 bills, twenty-eight $50 bills, 1,009 $20 bills, 195 $10 bills, 200 $5 bills and two singles. Id.

At the time of the stop, Bridges was on either probation or parole with the Wisconsin Department of Corrections, which had placed a detainer order on him. Id. at ¶¶23-24. The officers arrested Bridges, but before they put him in the back of the squad car, they searched him a second time, finding nothing beyond the $1,279 they'd found in his pockets before arresting him. Id. at ¶¶25-26. On the way to the detention facility, however, the officers observed Bridges moving and changing positions in the back seat, behavior they believed was "consistent with attempting to relocate and/or discard contraband." Id. at ¶27. When they arrived at the detention facility, Bridges got out of the car; on his pants was an off-white, chalky residue that hadn't been there when the officers put him in the squad. Id. at ¶28. On the floor of the squad was a bag containing 51.07 grams of crack cocaine; the bag was pushed halfway under the metal barrier to the front passenger seat and had not been there when officers initially put Bridges in the squad. Id. There also were loose rocks of cocaine scattered on the floor around the bag, which had not been present when officers put Bridges in the car. Id. The contents of the bag also tested positive for fentanyl. Id. Bridges subsequently was charged in Milwaukee County Circuit Court with possession of cocaine with intent to deliver, Case No. 20CF4521. Id. at ¶29.

After the DEA began administrative forfeiture proceedings against the defendant property on the ground that it was "used or intended to be used in exchange for controlled substances or was proceedings of trafficking in controlled substances," only Lekaya Hamilton filed a claim to the defendant property. Id. at ¶¶30-31.

The well-pleaded allegations in the complaint demonstrate that the defendant property of $27,932 is subject to forfeiture under 21 U.S.C. §881(a)(6) for violations under 21 U.S.C. 841(a)(1). Timarco Bridges had a dealer quantity of crack cocaine on his person when he was arrested, and a scale with cocaine residue in the car he was driving. The defendant currency was in small bills of the type a drug dealer would receive in payment for user amounts of crack. It was stored in the center console, on top of which the officers found the scale. Accepting these well-pleaded allegations as true, and because no claimant with a valid interest filed a claim within the statutory period, the plaintiff is entitled to default judgment.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that the defendant property, approximately $27,932 in United States currency seized from 2447 North 20th Street, Milwaukee, Wisconsin is **FORFEITED** to the United States of America and that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**